UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAKE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>HANFORD POLICE DEPARTMENT, et al.,<br><br>Defendants. | 1:19-cv-01204-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff, Charles Lake Davis, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 3, 2019 (ECF No. 1). The Complaint is before the Court for screening. For the reasons described below, the Court finds that Plaintiff has failed to state a cognizable claim against Defendants.

**I.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief

1

against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings claims against the Hanford Police Department ("Hanford PD") and the Department of Adult Parole Operations, Hanford, CA ("DAPO"). Plaintiff also brought a prior civil action, filed on August 21, 2019 (the "prior civil action") against Defendant DAPO and two other individuals. *See Davis v. Mendoza*, Case No. 1:19-cv-01142 (E.D. Cal. 2019). At the time Plaintiff filed the prior civil action, he was incarcerated in the Kings County Jail.

Plaintiff alleges that after he filed the prior civil action, he was released from custody, and that five days after being released, Defendants (DAPO and the Hanford PD) retaliated against him by falsely arresting him for trespass and resisting arrest. Plaintiff appears to allege that the property on which he is charged with trespassing is the property that bears his address of record and that he thus could not have been trespassing on the property; and that the officer who arrested Plaintiff was behind him, and because Plaintiff cannot hear and can only lip read, he could not have heard or understood the officer's commands or read the officer's lips and thus could not have been resisting arrest. Plaintiff alleges that he suffered abrasions and bruises during the incident, that he is very afraid, that he suffers from disabilities under the Americans with Disabilities Act ("ADA") and is under chronic care, and that he is a mental health patient who suffers from post-traumatic stress disorder ("PTSD"). Plaintiff also alleges that he has initiated an internal investigation into the circumstances surrounding his arrest.

## III.  SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also*

*Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their

employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Favorable-Termination Rule

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative

sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

Here, it is unclear from the allegations in the Complaint whether Plaintiff has been convicted of the offenses of trespass, resisting arrest, or another charge related to his arrest. If Plaintiff has been convicted of such charges, Plaintiff may file an appeal or potentially a writ of habeas corpus. If such charges are still pending, Plaintiff may challenge the alleged unlawful nature of those charges in the criminal proceeding. A § 1983 case is not, however, an appropriate way to challenge any such charges or underlying convictions. On the other hand, if charges related to the arrest have been dismissed or Plaintiff's conviction of such charges has been overturned, Plaintiff must allege facts sufficient to demonstrate the dismissal or overturning of his conviction.

**B. <u>Retaliation</u>**

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citations omitted).

To prevail on a claim for retaliation, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id.* (citing *Hartman*, 547 U.S. at 259). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff

would not have been taken absent the retaliatory motive." *Id.* (citing *Hartman*, 547 U.S. at 260 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway")); *see Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283-285 (1977) (Even if a teacher's protected conduct "played a part, substantial or otherwise, in [the] decision not to rehire" him, the teacher was not entitled to reinstatement "if the same decision would have been reached" absent his protected speech.).

"The plaintiff bringing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves*, 139 S. Ct. at 1724. "Absent such a showing, a retaliatory arrest claim fails." *Id.* "But if the plaintiff establishes the absence of probable cause, 'then the *Mt. Healthy* test governs: The plaintiff must show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated without respect to retaliation." *Id.* (citations omitted).

Here, Plaintiff alleges that he was arrested for trespass and resisting arrest in retaliation for his filing of a prior civil rights lawsuit. Plaintiff's filing of the lawsuit is conduct protected by the First Amendment. *See Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff has also alleged facts which, construed in the light most favorable to him, indicate that there may have been a lack of probable cause to arrest him. Specifically, the allegations indicate that the property on which he was charged with trespassing is his address of record, and that the arresting officer knew that Plaintiff could not hear the officer's commands and that Plaintiff was thus not intentionally disobeying that officer's commands. However, Plaintiff has not alleged facts demonstrating who the officer is that arrested him, how the officer is connected with the prior lawsuit, how the arresting officer is connected to Defendants and how Defendants are connected with the allegedly wrongful arrest, or any other factual allegations demonstrating that Defendants' retaliatory motive was a substantial or motivating factor for the arrest of Plaintiff. Thus, even if Plaintiff's claims are not barred by the *Heck* favorable-termination rule, Plaintiff has failed to state a cognizable claim for retaliation.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for their own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must therefore allege facts demonstrating that each defendant personally participated in the alleged wrongful conduct.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim.

////

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within thirty (30) days from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01204-DAD-EPG;

4. Alternatively, within thirty days from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to this Court issuing findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on his complaint within 30 days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 2, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE