UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>HANFORD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | 1:19-cv-01204-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 7)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff, Charles Davis, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 3, 2019, by filing a complaint (ECF No. 1). In his complaint, Plaintiff alleges that Defendants, the Hanford Police Department and the Department of Adult Parole Operations, violated Plaintiff's constitutional rights when they arrested him in retaliation for Plaintiff's filing of a previous lawsuit.

On January 2, 2020, the Court screened the Complaint and found that it fails to state a cognizable claim against Defendants. (ECF No. 7). The Court gave Plaintiff thirty days from the date of service of the screening order to file an amended complaint or to notify the Court that he wishes to stand on the Complaint, subject to findings and recommendations to the district judge consistent with the screening order. (*Id.*) The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint could result in the dismissal of this case. (*Id.* at 9.) The thirty-day period has expired, and Plaintiff has not filed

1

an amended complaint or notified the Court that he wishes to stand on the Complaint.

For the reasons discussed below, the Court recommends that the case be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and failure to prosecute.

**I.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after

*Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings claims against the Hanford Police Department ("Hanford PD") and the Department of Adult Parole Operations, Hanford, CA ("DAPO"). Plaintiff also brought a prior civil action, filed on August 21, 2019 (the "prior civil action") against Defendant DAPO and two other individuals. *See Davis v. Mendoza*, Case No. 1:19-cv-01142 (E.D. Cal. 2019). At the time Plaintiff filed the prior civil action, he was incarcerated in the Kings County Jail.

Plaintiff alleges that after he filed the prior civil action, he was released from custody, and that five days after being released, Defendants (DAPO and the Hanford PD) retaliated against him by falsely arresting him for trespass and resisting arrest. Plaintiff appears to allege that the property on which he is charged with trespassing is the property that bears his address of record and that he thus could not have been trespassing on the property; and that the officer who arrested Plaintiff was behind him, and because Plaintiff cannot hear and can only lip read, he could not have heard or understood the officer's commands or read the officer's lips and thus could not have been resisting arrest. Plaintiff alleges that he suffered abrasions and bruises during the incident, that he is very afraid, that he suffers from disabilities under the Americans with Disabilities Act ("ADA") and is under chronic care, and that he is a mental health patient who suffers from post-traumatic stress disorder ("PTSD"). Plaintiff also alleges that he has initiated an internal investigation into the circumstances surrounding his arrest.

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386,

393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citations omitted).

To prevail on a claim for retaliation, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id.* (citing *Hartman*, 547 U.S. at 259). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* (citing *Hartman*, 547 U.S. at 260 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway")); *see Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283-285 (1977) (Even if a teacher's protected conduct "played a part, substantial or otherwise, in [the] decision not to rehire" him, the teacher was not entitled to reinstatement "if the same decision would have been reached" absent his protected speech.).

"The plaintiff bringing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves*, 139 S. Ct. at 1724. "Absent such a showing, a retaliatory arrest claim fails." *Id.* "But if the plaintiff establishes the absence of probable cause, 'then the *Mt.*

*Healthy* test governs: The plaintiff must show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated without respect to retaliation." *Id.* (citations omitted).

Here, Plaintiff alleges that he was arrested for trespass and resisting arrest in retaliation for his filing of a prior civil rights lawsuit.[1] Plaintiff's filing of a lawsuit is conduct protected by the First Amendment. *See Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

Plaintiff has also alleged facts which, construed in the light most favorable to him, indicate that there may have been a lack of probable cause to arrest him. Specifically, Plaintiff's allegations indicate that the property on which he was charged with trespassing is his address of record. Plaintiff's allegations also indicate that the arresting officer knew that Plaintiff could not hear the officer and that Plaintiff was thus not intentionally disobeying that officer's commands. However, Plaintiff has not alleged facts demonstrating who the officer is that arrested him, how the officer is connected with the prior lawsuit, how the arresting officer is connected to Defendants, how Defendants are connected with the allegedly wrongful arrest, or any other factual allegations demonstrating that Defendants' retaliatory motive was a substantial or motivating factor for the arrest of Plaintiff. Accordingly, Plaintiff has failed to state a cognizable claim against Defendants.[2]

## V. FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.*

---

[1] Plaintiff has also marked the excessive force box in his complaint, and alleged that he suffered "a lot of abrasions a lot of bruises" during the allegedly retaliatory arrest.

[2] If Plaintiff has been convicted of offenses in relation to his arrest, his claim may also be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

(quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint that is causing delay. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that he wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

**VI.    CONCLUSION AND RECOMMENDATIONS**

The Court screened Plaintiff's complaint and recommends finding that it fails to state a claim under the relevant legal standards. Furthermore, Plaintiff has failed to comply with the screening order, which directed Plaintiff to file an amended complaint or notify the Court that he wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint and has not otherwise prosecuted this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983,[3] failure to comply with a Court order, and failure to prosecute; and

---

[3] In this Court's opinion, this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C.

7

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 10, 2020**      /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE

---

§ 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).